J-S14019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAQUILL JAMES BLAKE, | |
| Appellant | No. 1429 MDA 2016 |

Appeal from the PCRA Order August 5, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003085-2011

BEFORE:  GANTMAN, P.J., SHOGAN and STRASSBURGER,* JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 20, 2017**

Appellant, Jaquill James Blake, appeals from the order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the factual history of this case as follows:

On April 14, 2011, around 6:00 p.m., witnesses saw an argument ensue between two men in the Glenside Housing Project, located in the city of Reading, Pennsylvania.  One of the men, the Appellant, was dressed in ripped jeans, black sneakers, and a dark hooded sweatshirt; the other, whose name was Alexis Rosario [("Rosario")], was wearing a white tee shirt and basketball shorts.  Suddenly, the Appellant opened fire on Rosario, who backed away and tried to run.  Rosario "couldn't run away much," however, because he fell between two parked cars.  Appellant then proceeded to fire at least five additional shots at Rosario after he fell.  While bystanders fled the area,

_____

* Retired Senior judge assigned to the Superior Court.

Appellant ran from the scene, climbed into a red truck parked nearby, and quickly departed from the neighborhood.

The red truck was driven by Dean Schappell [("Schappell")], of Hamburg, Pennsylvania. Schappell was in the city that evening to purchase illegal drugs from the Appellant. [Schappell] had previously met up with the Appellant downtown, and Appellant asked Schappell to drive him to the Glenside neighborhood, which he did. Appellant exited the vehicle and asked Schappell to wait for him. While Schappell waited, he heard gunshots, then turned his head and saw the Appellant with a gun, "shooting a man in the street." After [Rosario] had been shot numerous times, the Appellant returned to Schappell's truck and said "let's go." Schappell complied and drove Appellant to an Econolodge hotel located approximately three miles away. At that location, Schappell purchased six bags of cocaine from the Appellant, who exited the vehicle and went inside the hotel. Schappell then returned to his home in Hamburg.

Meanwhile, police were called and began an investigation into the shooting. Officer Adam Linderman arrived at the scene and found a large crowd of people at the scene of the crime. He found [Rosario] lying facedown, bleeding, between two vehicles. While rendering first aid, Officer Linderman noted at the time that Rosario had suffered multiple gunshot wounds. Rosario was pronounced dead at 8:18 p.m. [Rosario's] body was transported that evening to the morgue at the Reading Hospital, where an autopsy was performed the next morning. The autopsy report identified ten distinct gunshot wounds to [Rosario].

Investigators found eight spent cartridge casings at the scene of the crime. They found two divots in the asphalt underneath [Rosario's] body, as well as numerous bullet holes in [his] clothing. Additional bullet fragments and projectiles were found inside and around [Rosario's] body.

Police subsequently interviewed witnesses[,] whose statements named Appellant as the person who shot Rosario. A warrant to search Appellant's apartment was executed on May 13, 2011. When police arrived at the apartment, they found the Appellant's belongings, which had been placed in trash bags and were located outside the apartment in a carport. Inside one of the bags, police found a brass casing containing the same

- 2 -

identifying markings as the casings found at the scene of the crime.

PCRA Court Opinion, 10/31/16, at 2-3 (internal citations omitted).

The PCRA court summarized the procedural history of this case as follows:

On September 14, 2012, a jury convicted [Appellant] of first-degree murder, third-degree murder, carrying a firearm without a license, possessing an instrument of crime, and reckless endangerment.[1]   Appellant was sentenced on September 17, 2012, to life imprisonment.   Appellant's trial counsel filed a notice of appeal on October 5, 2012.   On February 11, 2014, the Superior Court affirmed Appellant's conviction on all counts.

On May 27, 2014, Appellant filed a petition pursuant to the [PCRA].  We duly appointed Peter David Maynard, Esq. as PCRA counsel.   Appellant's counsel asserted that there was possible merit to a claim of ineffective assistance of counsel.   After receiving this motion, we conducted a hearing and subsequently asked Counsel for Appellant and the Commonwealth to prepare briefs.   Briefs were filed by both parties.   After reviewing the briefs, the record and a hearing, we dismissed both claims on August 5, 2016.

Appellant filed a notice of appeal on August 16, 2016, and his counsel filed a notice of appeal on August 31, 2016.   As Appellant was still represented, we directed counsel to file a concise statement of errors pursuant to [Pa.R.A.P. 1925(b)]. The concise statement was timely filed on September 20, 2016.[2]   Appellant [raised] the following matters [sic] for appellate review:

_____

[1] 18 Pa.C.S. §§ 2502(a) and (c), 6106(a)(1), 907(b), and 2705.

[2] We note that Appellant filed a *pro se* Pa.R.A.P. 1925(b) statement on September 29, 2016.  Because Appellant was represented by counsel, that *pro se* filing was a legal nullity. **See Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (concluding that where appellant was clearly represented by
*(Footnote Continued Next Page)*

- 3 -

1. The Court erred in not finding trial counsel ineffective for failing to object to the introduction of evidence at time of trial concerning [Appellant] dealing in controlled substances. Evidence concerning [Appellant] being a drug dealer was irrelevant, immaterial and highly prejudicial, and served no legitimate purpose.

PCRA Court Opinion, 10/31/16, at 1. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a).

On appeal, Appellant presents the following issue for our review:

A. Where a defendant is convicted of murder, is he entitled to a new trial due to the ineffective assistance of trial counsel, when trial counsel failed to file a motion *in limine* before trial to bar evidence of drug dealing at time of trial by the Appellant, trial counsel failed to object at time of trial to the introduction of immaterial, inadmissible and prejudicial testimony concerning the distribution of street drugs by the Appellant, trial counsel failed to ask for a cautionary instruction regarding the said testimony when introduced, and trial counsel failed to request any cautionary instruction concerning this evidence during the [c]ourt's final instructions to the jury, where such testimony is wholly extraneous to the murder in question?

Appellant's Brief at 4.

Although Appellant appears to present a single issue on review, a close reading of this singular statement reveals that Appellant has attempted to raise several issues related to trial counsel's ineffectiveness. However, as noted previously, Appellant preserved a single issue in his counseled Pa.R.A.P. 1925(b) statement: that trial counsel was ineffective for failing to

*(Footnote Continued)* ————————————

counsel on appeal, appellant's *pro se* statement of errors complained of on appeal was a legal nullity).

- 4 -

object to the introduction of evidence at the time of trial concerning Appellant's drug dealing. Pa.R.A.P. 1925(b) statement, 9/20/16, at 1. Thus, only that issue has been preserved for our review.

Our Supreme Court has explained the following in addressing an ineffective assistance of counsel claim:

> To prevail in a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973, 975–76 (1987): (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness.

*Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012).

A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Appellant argues that trial counsel was ineffective for failing to object at trial to the introduction of evidence indicating that Appellant was a drug dealer. Appellant's Brief at 12-13. Appellant contends that introduction of this evidence violated Pa.R.E. 404(b), which prohibits introduction of prior

criminal activity on the part of the accused. *Id.* at 19. Appellant further asserts that none of the exceptions for admission of this evidence applied in this case. *Id.* Specifically, Appellant maintains, the *res gestae* exception is not applicable in this matter "as the 'complete story' of Schappell's relationship with [Appellant] was totally unnecessary to the jury's understanding of what occurred that day between [Appellant] and Mr. Rosario." *Id.* at 19. Appellant posits that introduction of this evidence only served to prejudice Appellant in the eyes of the jury.[3] *Id.*

Our Supreme Court has discussed evidence of other bad acts and the related exceptions as follows:

> Generally, evidence of prior bad acts or unrelated criminal activity is inadmissible to show that a defendant acted in conformity with those past acts or to show criminal propensity. Pa.R.E. 404(b)(1). However, evidence of prior bad acts may be admissible when offered to prove some other relevant fact, such as motive, opportunity, intent, preparation, plan, knowledge, identity, and absence of mistake or accident. Pa.R.E. 404(b)(2). In determining whether evidence of other prior bad acts is admissible, the trial court is obliged to balance the probative value of such evidence against its prejudicial impact.

*Commonwealth v. Sherwood*, 982 A.2d 483, 497 (Pa. 2009).

As this Court recently reiterated:

> [w]hile evidence of prior bad acts is not admissible to show criminal propensity, evidence of other crimes may be admissible

---

[3] Appellant also makes an argument regarding trial counsel's failure to request a cautionary instruction regarding this evidence. As explained previously, however, this issue was not raised in Appellant's counseled Pa.R.A.P. 1925(b) statement.

if it is relevant to show some other legitimate purpose. ***Commonwealth v. Tyson***, 119 A.3d 353, 358 (Pa.Super. 2015). An exception to Rule 404(b) exists that permits the admission of evidence where it became part of the history of the case and formed part of the natural development of facts. ***Commonwealth v. Solano***, 129 A.3d 1156, 1178 (Pa. 2015). This exception is commonly referred to as the *res gestae* exception. ***Id.***

***Commonwealth v. Ivy***, 146 A.3d 241, 251 (Pa. Super. 2016). Our Supreme Court has observed that a trial court is not "required to sanitize the trial to eliminate all unpleasant facts from the jury's consideration where those facts are relevant to the issues at hand and form part of the history and natural development of the events and offenses for which the defendant is charged." ***Commonwealth v. Paddy***, 800 A.2d 294, 308 (Pa. 2002) (quoting ***Commonwealth v. Lark***, 543 A.2d 491, 501 (Pa. 1988)).

In addressing Appellant's claim, the PCRA court provided the following analysis:

At trial, the Commonwealth relied upon Mr. Schap[p]ell's testimony placing Appellant at the murder scene, as well as [his] being a witness to the crime. Mentioning the drug trade was a necessary part of the story, as it provided context as to why Mr. Schap[p]ell was at the crime scene and why he drove Appellant to the motel after committing the crime. Without the causal connection of the sale of drugs, there would have been no reason for Mr. Schap[p]ell to provide transportation services, which, in turn, place[d] Mr. Schap[p]ell at the scene of the crime. Moreover, the drug related activity occurred close in time and place to the crime. As compensation for Mr. Schap[p]ell functioning as Appellant's getaway driver, Mr. Schap[p]ell was rewarded with the right to purchase several bags of drugs. This evidence, paying the getaway driver with drugs, directly connects the murder to Appellant's involvement in the drug trade. Therefore, we conclude that the testimony of Appellant's

- 7 -

involvement in the drug trade was within the Res Gestae exception[.]

PCRA Court Opinion, 10/31/16, at 4-5.

In light of the above-referenced tenets regarding admission of evidence of unrelated criminal activity, we are compelled to agree with the PCRA court's conclusion that the underlying claim lacks arguable merit. The introduction of evidence regarding Appellant's drug-dealing activities related to the history of the case and formed the natural development of facts. Thus, the evidence was properly admitted at trial, and trial counsel was not ineffective for failing to object to its introduction. Accordingly, Appellant fails to prove a claim of ineffective assistance of counsel for failure to establish that the underlying claim was of arguable merit. *Paddy*, 15 A.3d at 442.

Additionally, Appellant has failed to prove the prejudice prong of the ineffective assistance of counsel standard. There was overwhelming evidence presented at trial that established that Appellant was guilty of the crimes for which he was convicted. As the PCRA court explained:

> The Commonwealth at trial presented significant evidence besides the evidence of prior bad acts. Such evidence included: video evidence showing the callous manner in which Appellant murdered the victim; two eyewitnesses who can place Appellant at the scene of the murder and witnessed him doing it; and physical evidence that all the bullets came from the same gun.

PCRA Court Opinion, 10/31/16, at 5-6.

The PCRA court's summation of evidence presented at trial is supported by the record. Thus, even if counsel had objected and the

evidence regarding Appellant's drug-dealing was excluded, it is not probable that the outcome of the trial would have been different. Accordingly, we cannot conclude that Appellant was prejudiced by any alleged ineffectiveness for failure to object to the admission of this evidence. **Reed**, 42 A.3d at 319. Appellant has failed to establish a meritorious claim of trial counsel's ineffective assistance.

Order affirmed.

Judge Strassburger files a Concurring Memorandum in which P.J. Gantman concurs in the result.

P.J. Gantman concurs in the result in this Memorandum.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>4/20/2017</u>